October 24, 2011

The Honorable Ryan Guillen
Chair, Committee on Culture, Recreation,
   and Tourism
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. GA-0887

Re: Whether a public housing authority is required to reimburse a political subdivision that furnishes improvements, services, or facilities for a housing project (RQ-0966-GA)

Dear Representative Guillen:

On behalf of the Housing Authority of the City of Laredo, you ask "whether Texas Local Government Code [subsection] 392.005(b) requires a public housing authority to reimburse a municipality, county, or political subdivision for furnishing improvements, services, or facilities for a housing project, in lieu of paying taxes or special assessments."[1] Chapter 392 of the Local Government Code sets out the Housing Authorities Law, which establishes the requirements for creating and operating a housing authority. TEX. LOC. GOV'T CODE ANN. §§ 392.001–.104 (West 2005 & Supp. 2010). Local Government Code subsection 392.005(a) provides that a housing "authority and the authority's property are exempt from all taxes and special assessments of a municipality, a county, another political subdivision, or the state." Id. § 392.005(a). Subsection (b), the provision about which you ask, states:

> If a municipality, county, or political subdivision furnishes improvements, services, or facilities for a housing project, an authority may, in lieu of paying taxes or special assessments, agree to reimburse in payments to the municipality, county, or political subdivision an amount not greater than the estimated cost to the municipality, county, or political subdivision for the improvements, services, or facilities.

Id. § 392.005(b). You explain that some political subdivisions in your area believe that under this provision "public housing authorities are required to reimburse . . . political subdivisions for

---

[1]Letter from Honorable Ryan Guillen, Chair, House Committee on Culture, Recreation, and Tourism, to Honorable Greg Abbott, Attorney General of Texas at 1 (Apr. 14, 2011), https://www.oag.state.tx.us/opin/index_rq.shtml ("Request Letter").

furnishing improvements, services or facilities for a housing project."[2] Request Letter at 1. You indicate that the Housing Authority of Laredo apparently disagrees, contending that subsection 392.005(b) provides a public housing authority with discretion to choose whether to reimburse political subdivisions. *Id.* at 2.

In construing statutes, our primary objective is to ascertain and give effect to the Legislature's intent. *City of Marshall v. City of Uncertain*, 206 S.W.3d 97, 105 (Tex. 2006). If the Legislature provides definitions for words it uses in statutes, then we use those definitions in construing statutes. *Hernandez v. Ebrom*, 289 S.W.3d 316, 318 (Tex. 2009). Under the Code Construction Act, the Legislature has explained that the word "may" should be construed as "creat[ing] discretionary authority or grant[ing] permission or a power." TEX. GOV'T CODE ANN. § 311.016(1) (West 2005). Legislative authorization to act ordinarily grants the power to do so but *by itself* does not require execution of the power granted. *Dallas Cnty. Cmty. Coll. Dist. v. Bolton*, 185 S.W.3d 868, 873 (Tex. 2005) (emphasis added).

Nothing in the language of subsection 392.005(b) itself requires a housing authority to reimburse political subdivisions for furnishing improvements, services or facilities for a housing project. TEX. LOC. GOV'T CODE ANN. § 392.005(b) (West 2005). The statute simply authorizes a housing authority to provide reimbursement if the authority agrees to do so. *Id.* Because you ask only about a construction of subsection 392.005(b) and not about other sources of law, we do not address whether a housing authority may be obligated under a separate statute or contractual arrangement to reimburse political subdivisions. In addition, you do not ask, and we do not opine on the consequences, if any, that may arise from a housing authority's decision not to reimburse a political subdivision in a given instance. Limiting our opinion to the specific statute on which you have asked for guidance, we conclude that subsection 392.005(b) of the Local Government Code authorizes, but does not itself require, a housing authority to agree to reimburse a municipality, county, or political subdivision for the improvements, services, or facilities provided to the housing authority. *Id.*

---

[2] A brief submitted in response to your request argues that federal law requires a public housing agency to make payments in lieu of taxes to political subdivisions in certain circumstances. Letter from John A. Kazen & J. Francisco Tamez, on behalf of Laredo Independent School District, to Honorable Greg Abbott, Attorney General of Texas at 5 (June 6, 2011) (on file with the Opinion Committee) (citing 42 U.S.C. § 1437d(d)). However, you do not ask about a housing authority's obligations under federal law, and our opinion is therefore limited to the state statute at issue.

## S U M M A R Y

Local Government Code subsection 392.005(b) authorizes, but does not itself require, a housing authority to agree to reimburse a municipality, county, or political subdivision for the improvements, services, or facilities provided to the housing authority. We do not determine whether a housing authority may be required to do so under a separate law or contractual arrangement.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DAVID J. SCHENCK
Deputy Attorney General for Legal Counsel

JASON BOATRIGHT
Chair, Opinion Committee

Virginia K. Hoelscher
Assistant Attorney General, Opinion Committee